# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Criminal No.: 11-0006 JKS |
| JUSTIN SMITH | * |

## MEMORANDUM OPINION

Presently pending is Defendant Justin Smith's motion to dismiss this criminal complaint with prejudice for violation of the Speedy Trial Act, 18 U.S.C. §§ 3161–3174. ECF No. 12. No hearing is deemed necessary. For the reasons set forth below, Defendant's motion to dismiss will be granted, but the dismissal shall be without prejudice.

## I. Background.

On September 15, 2010, the United States charged Smith with theft of government property, 18 U.S.C. § 641, in connection with an alleged shoplifting incident at the Base Exchange store on Andrews Air Force Base. On November 15, 2010, Smith appeared before a Magistrate Judge, defense counsel was appointed, and a bench trial was scheduled for January 4, 2011. On November 17, 2010, Smith consented to trial before a Magistrate Judge, and reserved his right to elect a jury trial. On December 30, 2010, Smith filed a motion to suppress evidence, which was withdrawn on January 5, 2011. On January 4, 2011, the original trial date, Smith requested a jury trial. A jury trial was scheduled for March 8, 2011. On February 8, 2011, Smith moved to dismiss.

## II. Discussion.

The only issue before the court is whether the dismissal should be with prejudice. The Speedy Trial Act provides that "[i]f a defendant consents in writing to be tried before a

magistrate judge on a complaint, the trial shall commence within seventy days from the date of such consent." 18 U.S.C. § 3161(c)(1). The parties agree that the trial should have occurred by February 1 (Government's date) or February 2 (Defendant's date), 2011, and that because a violation of the Speedy Trial Act occurred, the complaint must be dismissed. *See* 18 U.S.C. § 3162(a)(2) (stating that if the defendant is not brought to trial within the time requirement, the charge shall be dismissed on motion of the defendant).

The parties disagree as to whether the complaint should be dismissed with prejudice. "In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: (1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2). Also of relevance is the presence or absence of prejudice to the defendant. *United States v. Taylor,* 487 U.S. 326, 340-41 (1988); *United States v. Thomas*, 305 F. App'x 960, 963 (4th Cir. 2009). The decision to dismiss with or without prejudice is committed to the discretion of the trial court and neither remedy is presumptively mandated by the Speedy Trial Act. *United States v. Hinch*, 308 F. Supp. 2d 599, 602 (D. Md. 2004) (citing *Taylor*, 487 U.S. at 334–35). The trial court must "carefully consider [the] factors as applied to the particular case and, whatever its decision, clearly articulate their effect." *Taylor*, 487 U.S. at 336.

With respect to the first factor, this complaint charges a nonviolent misdemeanor shoplifting offense involving approximately $278 worth of property. Smith contends, and the Government does not dispute, that he has no prior criminal record and fully cooperated with store employees and law enforcement. Accordingly, this factor weighs substantially in favor of dismissal with prejudice.

The second factor, the facts and circumstances of the delay, would weigh in Smith's favor only if there was bad faith or a pattern of neglect, "something more than an isolated unwitting violation." *Taylor*, 487 U.S. at 338–39. Here, the Government was prepared to proceed to trial on January 4, 2011, but the trial could not take place because of Smith's last-minute jury trial election. Smith responds that the case has been pending for over five months and that the Government was advised of Smith's jury trial request when more than three weeks remained under the Speedy Trial Act. This, however, merely shows an inadvertent delay. Moreover, the court itself is not without fault in failing to schedule a timely jury trial. *See United States v. Wright,* 6 F.3d 811, 814-15 (D.C. Cir. 1993). Accordingly, this factor weighs significantly against dismissal with prejudice.

The third factor requires the court to assess whether a reprosecution will have an adverse impact on the administration of the Act or the administration of justice. The court must also evaluate the prejudice to the defendant caused by the delay. *Taylor*, 487 U.S. at 340-41. Smith argues that reprosecution would be prejudicial, and also that the administration of justice has already been served.[1] Specifically, Smith contends that he has felt this prosecution deeply and any additional time will only continue his agonizing position of wondering whether this case will result in a federal criminal conviction. Such feelings, however, are common to all who face criminal charges. Moreover, this case does not involve any time sensitive evidence, and Smith's ability to defend himself has not been prejudiced by the delay. Finally, Smith has not been subject to pretrial restrictions on his liberty. *See Taylor* 487 U.S. at 341.

The third factor is closely related to the first two factors in that it depends, in large part, on the seriousness of the alleged crime, the reasons for the delay, and the prejudice to the defendant. *United States v. Wright*, 6 F.3d 811, 816 (D.C. Cir. 1993). The court also gives

---

[1] Smith cites the Government's failure to explain its inaction, but the Government has effectively conceded its inadvertence.

weight to the length of the delay as a measure of the seriousness of the Speedy Trial Act violation. *Taylor,* 487 U.S. at 340. Here, the alleged crime involves approximately $278 worth of property and the defendant is an eighteen year old college freshman with no prior criminal record. However, the court finds that the delay involved no intentional conduct by the Government, that the court itself is not without fault in causing the violation, that the delay was not overly long, and that it caused no prejudice to the defendant. Weighing all of these factors, the court determines that this complaint should be dismissed without prejudice.

### III. Conclusion.

Defendant's motion to dismiss for violation of the Speedy Trial Act will be granted. The dismissal is without prejudice.

Date: March 8, 2011

/S/
JILLYN K. SCHULZE
United States Magistrate Judge